UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
98 MAR 11 PM 2: 17
U.S. DISTRICT COURT
N.D. OF ALABAMA

RUBY MAE SIMMONS,            )
                             )
     Debtor-Appellant,       )
                             )
vs.                          )     Civil Action No. CV-98-S-241-W
                             )
DONALD L. DIONNE, as trustee )
of the bankrupt estate of    )
Ruby Mae Simmons             )
                             )     ENTERED
                             )     MAR 11 1998
     Appellee.               )

## MEMORANDUM OPINION

This action is before the court on the debtor's appeal of the Bankruptcy Court's denial of her motion to dismiss. Upon consideration of the pleadings and orders entered below, this court concludes the appeal is due to be dismissed.

### I.   SUMMARY OF FACTS

Ruby Mae Simmons, acting *pro se*, filed a voluntary petition for liquidation under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama on July 28, 1997. The bankruptcy court thereafter lifted the automatic stay, allowing a state court foreclosure proceeding against the debtor to proceed to judgment. As a result, Simmons lost her home in September of 1997 to the only creditor listed in her bankruptcy petition, Lee Pake. Simmons filed a motion to dismiss her bankruptcy petition on October 22, 1997, asserting, among other things, that the "trustee is being legally unfair because he is aware of the impossibility of me retaining an attorney to represent me in this city [and] I cannot afford an out

of town attorney." (Debtor's Motion to Dismiss ¶ 1 (Document No. 1).) Simmons filed an amended motion to dismiss on October 29, 1997.

1. My sole purpose for filing Chapter 7 was to protect interest that I have in the house located at 3205 36th Place, Tuscaloosa, Al 35401.

2. On September 9th - Judge Bennett lifted the stay and ordered the procedure to continue in the State Civil Court so, after this being my only listed creditor, who was given the property and I was evicted. I saw no reason for me to continue the Chapter 7 proceedings.

(Debtor's Amended Motion to Dismiss ¶¶ 1-2 (Document No. 2).) The debtor's motion to dismiss was considered by the bankruptcy court at a November 5, 1997 hearing. On November 13, 1997, the court entered a written order denying Simmons' motion. (Order of November 13, 1997 (Document No. 3).) Simmons filed an appeal of that order 29 days later, on December 12, 1997.

## II. DISCUSSION

Federal jurisdiction over an appeal from an order of the bankruptcy court is governed by 28 U.S.C. § 158(a), which provides in pertinent part: "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; ... (3) with leave of the court, from other interlocutory orders and decrees...."

The Eleventh Circuit instructs that a final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *In re Martin Brothers Toolmakers, Inc.*, 796 F.2d 1435, 1437 (11th Cir. 1986). Most

2

courts have found that the denial of a motion to dismiss is not a final order. *See, e.g., Matter of Phillips*, 844 F.2d 230, 235-36 (5th Cir. 1988); *Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 547 (7th Cir. 1985); *In re Committee of Asbestos-Related Litigants*, 749 F.2d 3, 4 (2d Cir. 1984); *John E. Burns Drilling v. Central Bank of Denver*, 739 F.2d 1489, 1491-92 (10th Cir. 1984). That conclusion is consistent with the traditional treatment of similar orders in civil proceedings. *See Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945)("denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable").

This court finds that the bankruptcy court's denial of Simmons' motion to dismiss her bankruptcy petition was not an order which ended the litigation on the merits and left nothing for the bankruptcy court to do but execute judgment. Indeed, the denial of Simmons' motion had the effect of permitting the case to continue. Accordingly, the order appealed from was not a final order within the meaning of 28 U.S.C. § 158(a)(1), entitling Simmons to an appeal in this court as a matter of right. Instead, this court views Simmons' appeal as one seeking discretionary review of an interlocutory order in accordance with § 158(a)(3).

This court has discretion under § 158(a)(3) to permit appeal of an interlocutory order such as the one presented in this case. Nevertheless, the court declines to address that issue because Simmons' appeal was untimely, a fatal jurisdictional defect which

3

cannot be overcome regardless of the underlying appealability of the bankruptcy court's order.[1]

Bankruptcy Rule 8002, entitled "Time for Filing Notice of Appeal," provides

> (a) **Ten-day Period.** The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.

Courts consistently construe this timeframe as a jurisdictional threshold. See, e.g., Veltman v. Whetzal, 93 F.3d 517, 520 (8th Cir. 1996)(failure to file a timely notice of appeal from a bankruptcy court's order deprives the district court of jurisdiction to review that order); Matter of Fellows, 19 F.3d 245, 247 (5th Cir. 1994)(Failure to file a timely notice of appeal results in a jurisdictional defect); Anderson v. Mouradick, 13 F.3d 326, 327 (9th Cir. 1994)(untimely filing of a notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order); In re Herwit, 970 F.2d 709, 710 (10th Cir. 1992)(notice of appeal filed one day late was a jurisdictional defect barring appellate review by the district court); Colon v. Hart, 941 F.2d 242, 245 (3d Cir. 1991)(requirements of Rule 8002(a)

---

[1] The district court's discretion to hear interlocutory appeals from bankruptcy courts also is limited by the time restrictions of Bankruptcy Rule 8002. See 28 U.S.C. § 158(c)(2)(providing that such appeals shall be taken "in the time provided by Rule 8002"). Section 158's incorporation of Rule 8002 and its "excusable neglect" standard for approving extensions of time suggests that untimely appeals of interlocutory orders, like untimely appeals of final orders, may only be appealed to district court if the bankruptcy court determines that an extension of time is warranted. See Matter of Robinson, 194 B.R. 697, 701 (Bankr. N.D. Ga. 1996)("circumstances of untimeliness would appear to create an occasion upon which the bankruptcy court must in essence certify a motion for interlocutory appeal). Accordingly, dismissal of Simmons' untimely appeal is appropriate regardless of whether the order appealed from is deemed a final or an interlocutory order.

4

are jurisdictional); *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985)(district court was without jurisdiction to consider appeal filed four days late).

In the present case, the ten-day period for filing a notice of appeal under Rule 8002(a) began on November 13, 1997, upon entry of the bankruptcy court's order denying Simmons' motion. The ten-day window for appealing that order ended on November 24, 1997. Simmons filed notice of her appeal 18 days later, on December 12, 1997.

The sole provision in the Bankruptcy Rules allowing for an extension of time beyond the ten-day period requires that a motion for extension be filed in the bankruptcy court. Rule 8002(c) provides, in part:

(1) <u>The bankruptcy judge</u> may extend the time for filing the notice of appeal....

(2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

(Emphasis supplied.) Simmons neither filed a request for extension within the initial ten-day period nor moved the bankruptcy judge for an extension of time within the 30-day period following entry of the bankruptcy court's order. Since no request was directed to the bankruptcy judge, this court is without jurisdiction to consider any claim for an extension. *See In re Universal Minerals,*

5

*Inc.*, 755 F.2d 309, 312 (3d Cir. 1985)(affirming district court's dismissal of untimely appeal where no request for extension of time was filed with the bankruptcy court)(citing *In re LBL Sports Center, Inc.*, 684 F.2d 410, 412 (6th Cir. 1982)); *accord In re Katzman*, 207 B.R. 295, 297 (Bankr. M.D. Fla. 1997)(referencing unpublished Eleventh Circuit decision which reversed and remanded *Katzman* because "the power to grant an extension for filing an appeal based on excusable neglect is committed to the sound discretion of the Bankruptcy Court and not the District Court").

The court also notes that Simmons failed to designate the "items to be included in the record on appeal and a statement of the issues to be presented" as required by Rule 8006, and that she failed to pay the appeal fee of $105.00 following the bankruptcy court's denial of her request for a waiver of the fee. Rule 8001(a) directs that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, <u>which may include dismissal of the appeal</u>." (Emphasis supplied.)

Thus, the court finds that Simmons' failure to take the appropriate steps to secure an appeal, including designation of the record, payment of the appeal fee, and framing of the issues, warrants dismissal of this appeal. *See Matter of Baheth Construction Co.*, 118 F.3d 1082, 1083-84 (5th Cir. 1997)(dismissing bankruptcy appeal for failure to file statement of issues and

6

designation of the record); *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(affirming district court's dismissal of appeal for appellant's failure to comply with Rules 8006 and 8009(a)); *Serra Builders, Inc. v. John Hanson Savings Bank FSB*, 970 F.2d 1309, 1311 (4th Cir. 1992)(affirming district court's dismissal of appeal for appellant's failure to file designation of record pursuant to Rule 8006); *Jacobson v. Nielsen*, 932 F.2d 1272, 1272 (8th Cir. 1991)(affirming dismissal of appeal for untimeliness and failure to file a designation of items to be included in the record on appeal).

Dismissal of the appeal is particularly appropriate here because the order appealed from is not a final judgment; rather, it merely permits the underlying proceeding to progress to an appealable final judgment in bankruptcy court. *See Matter of Robinson*, 194 B.R. 697, 701 (Bankr. N.D. Ga. 1996)(denying extension of time to appeal interlocutory order because the order "will become part and parcel of an upcoming final order [which] may be appealed at that time").

For the foregoing reasons, the debtor's appeal of the bankruptcy court's denial of her motion to dismiss is due to be dismissed. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 11th day of March, 1998.

United States District Judge